UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RUTH MARIE ANDERSON,

          Plaintiff,

v.

YOUTUBE, GOOGLE,

          Defendants.

CASE NO. 3:23-CV-5334-DGE

ORDER DIRECTING PLAINTIFF TO FILE IFP APPLICATION AND AMENDED COMPLAINT

The District Court has referred Plaintiff Ruth Marie Anderson's pending Application to Proceed *In Forma Pauperis* ("IFP") and proposed complaint to United States Magistrate Judge David W. Christel pursuant to Amended General Order 11-22. On April 14, 2023, Plaintiff filed a proposed civil complaint and an application to proceed *in forma pauperis* ("IFP"), that is, without paying the filing fee for a civil case. *See* Dkts. 1; 1-1.

**Standard for Granting Application for IFP.** The district court may permit indigent litigants to proceed IFP upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). However, the court has broad discretion in denying an application to proceed IFP. *Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963). Moreover,

"[w]here there are multiple plaintiffs in a single action, the plaintiffs may not proceed *in forma pauperis* unless all of them demonstrate inability to pay the filing fee." *Martinez v. Lutz*, 2018 WL 3924266, at *1 (E.D. Cal. Aug. 14, 2018).

**Application to Proceed IFP.** Plaintiff's application to proceed IFP is insufficient to determine if Plaintiff is unable to pay the $402 filing fee. Dkt. 1. Plaintiff states that information requested on the application is confidential. *Id*. She also provides a narration that is difficult to decipher and it is unclear how this information relates to her current inability to pay the filing fee. The Court finds Plaintiff's application to proceed IFP cannot be granted at this time.

**Review of the Complaint.** While this case cannot proceed until the Court has received a complete IFP application or the $402 filing fee from Plaintiff, the Court has reviewed the proposed complaint. Because Plaintiff filed this proposed complaint *pro se*, the Court has construed the pleadings liberally and has afforded Plaintiff the benefit of any doubt. *See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir.1988). In the proposed complaint, Plaintiff has not stated any claims against the Defendants. *See* Dkt. 1-1.

***Sua Sponte* Dismissal – Standard on Rule 12 (b).** Pursuant to Fed. R. Civ. P. 12(b), a case may be dismissed for "(1) lack of subject matter jurisdiction; (2) lack of personal jurisdiction; (3) improper venue; (4) insufficient process; (5) insufficient service of process; (6) failure to state a claim upon which relief can be granted; and (7) failure to join a party under Rule 19." Under Fed. R. Civ. P. 12b)(6), a federal court may dismiss a case *sua sponte* when it is clear that the plaintiff has not stated a claim upon which relief may be granted. *See Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir.1987) ("A trial court may dismiss a claim *sua sponte* under Fed. R. Civ. P. 12 (b)(6). Such a dismissal may be made without notice where the claimant cannot possibly win relief."). *See also Mallard v. United States Dist. Court*, 490 U.S. 296, 307-

08 (1989) (there is little doubt a federal court would have the power to dismiss frivolous complaint *sua sponte*, even in absence of an express statutory provision). A complaint is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

**Analysis of Plaintiffs' Claims**. Federal Rule of Civil Procedure 8 requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d).

Here, the proposed complaint does not contain a short, plain statement showing Plaintiff is entitled to relief. Dkt. 1-1. In the proposed complaint, Plaintiff names YouTube and Google as defendants. *Id*. She states the issues in this case are plagiarism and theft of intellectual property, trademarks, and patents. *Id*. However, Plaintiff does not provide a statement of the claim(s) and has no factual allegations linking any defendant to any cause of action. Therefore, Plaintiff is ordered to file an amended complaint which complies with Federal Rule of Civil Procedure 8 and this Order. The amended complaint should contain a single complaint that includes a short, plain statement explaining the claims in this action.

**Leave to Amend.** Unless it is absolutely clear that no amendment can cure the defect, a *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir.1995).

As the proposed complaint is devoid of any factual allegations the Court cannot determine if an amendment can cure the defects of the proposed complaint. Therefore, the Court will allow Plaintiff leave to amend. However, if Plaintiff does not file a complete IFP application and an amended complaint that complies with this Order on or before May 22, 2023, the Court will recommend dismissal of this action.

**Decision on Application to Proceed IFP.** A district court may deny leave to proceed *in forma pauperis* at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit. *Minetti v. Port of Seattle*, 152 F.3d 1113 (9th Cir. 1998), quoting *Tripati v. First Nat'l Bank & Trust*, 821 F. 2d 1368, 1370 (9th Cir. 1987). Based upon the above analysis of the deficiencies in the proposed complaint, the Court finds it appropriate to defer ruling on Plaintiff's Application to Proceed IFP.

**Motion to Seal.** Plaintiff also seeks to seal all records submitted regarding her case. Dkt. 2. The Ninth Circuit starts with a strong presumption in favor of access to court records. *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995). Plaintiff has provided no explanation for why any document filed in this case should be sealed and the documents do not appear to contain information that should be sealed. Therefore, Plaintiff's Motion to Seal (Dkt. 2) is denied without prejudice.

**Conclusion.** Accordingly, the Court is hereby deferring ruling on Plaintiff's Application to Proceed IFP and Plaintiff is ordered to file a renewed application to proceed IFP and a proposed amended complaint on or before May 22, 2022. Plaintiff's Motion to Seal (Dkt. 2) is denied without prejudice.

Dated this 21st day of April, 2023.

David W. Christel
Chief United States Magistrate Judge