UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RUTH MARIE ANDERSON,

Plaintiff,

v.

YOUTUBE, GOOGLE,

Defendants.

CASE NO. 3:23-CV-5334-DGE

REPORT AND RECOMMENDATION

Noting Date: August 18, 2023

The District Court has referred Plaintiff Ruth Marie Anderson's pending Application to Proceed *In Forma Pauperis* ("IFP") and proposed Complaint to the undersigned pursuant to Amended General Order 11-22.

On April 14, 2023, Plaintiff filed a proposed civil Complaint and an application to proceed *in forma pauperis* ("IFP"), that is, without paying the filing fee for a civil case. *See* Dkts. 1, 1-1. On April 21, 2023, the Court screened Plaintiff's proposed Complaint and found it was deficient because Plaintiff failed to state a claim for which relief may be granted. *See* Dkt. 3 ("Order"). In addition, the Court found the Application to Proceed IFP insufficient to determine if Plaintiff is unable to pay the $402 filing fee and deferred ruling on it. *Id*. The Court gave

Plaintiff leave to file a proposed amended Complaint to cure the deficiencies and ordered Plaintiff to file a renewed Application to Proceed IFP by May 22, 2023. *Id*.

On April 27, 2023, the Order was returned to the Court as "undeliverable." Dkt. 4. On May 22, 2023, Plaintiff filed in-person a response with the Clerk's Office that cured neither the deficiencies in the proposed Complaint nor those in her Application to Proceed IFP. Dkt. 5. Further, Plaintiff did not provide the Court with her current mailing address. *See id*. Therefore, on May 22, 2023, the Court entered an Order directing Plaintiff to update her address on or before June 27, 2023. Dkt. 6. The Court warned Plaintiff that failure to update her address and respond to the Court's Order would result in the Court recommending dismissal of this matter without prejudice for failure to prosecute. *Id*. To date, Plaintiff has not provided the Court an updated address or further response to the Court's April 21, 2023, Order.

Pursuant to Local Rule 41:

> A party proceeding pro se shall keep the court and opposing parties advised as to his or her current mailing address . . .. If mail directed to a pro se plaintiff by the clerk is returned by the Postal Service . . . and if such plaintiff fails to notify the court and opposing parties within 60 days thereafter of his or her current mailing . . . address, the court may dismiss the action without prejudice for failure to prosecute.

Local Rules, W.D. Wash., LCR 41(b)(2). "Local Rule 41(b)(2) . . . confers discretion on the court to dismiss a pro se plaintiff's action if the plaintiff fails to keep the court apprised of his correct address." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988). Plaintiff "bears the burden of keeping the court apprised of any changes in his mailing address." *Id.* at 1441. Further, "a defendant may move for dismissal of an action or of any claim against" the plaintiff "[f]or failure to prosecute or to comply with" the Federal Rules of Civil Procedure. Fed. R. Civ. P. 41(b).

Here, mail was first returned to the Court as undeliverable to the address provided by Plaintiff more than 60 days ago. To date, Plaintiff has not provided an updated address.

Additionally, Plaintiff has not filed a corrected IFP application or a proposed amended Complaint correcting the deficiencies contained within the proposed Complaint. As Plaintiff has failed to respond to the Court's Orders and prosecute this case, the Court recommends that this action be dismissed without prejudice for failure to prosecute pursuant to LCR 41(b)(2). The Court also recommends that the pending Application to Proceed IFP (Dkt. 1) be denied as moot.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on August 18, 2023, as noted in the caption.

Dated this 2nd day of August, 2023.

Grady J. Leupold
United States Magistrate Judge